JUDGE BEATRICE BRICKHOUSE

**STATE OF NEW MEXICO**
**COUNTY OF BERNALILLO**
**SECOND JUDICIAL DISTRICT COURT**

FILED
SECOND JUDICIAL DISTRICT

2013 MAY -6  PM 6: 16

*Gary T. Child*

SHELLY SWOPE

_Sally Fox_____,
                  Petitioner,

v. _State of New Mexico_____,
                  Respondent.

No. **CV 2013 0 3 9 3 9**

_Aging + Long Term Services Department + The Human Rights Commission_
and  N M  _Human Services dept._

**APPLICATION FOR FREE PROCESS AND AFFIDAVIT OF INDIGENCY**

I request that the court enter an order permitting me to file this case without prepayment of fees and costs and give upon my oath or affirmation the following statement.

My marital status is: Single __✓__ Married _____ Divorced _____ Separated _____ Widowed _____

I request interpretation services: (yes) no (If yes, please describe what you need)
_Need Accomodation under Americans with Disabilities_
_Act + Section 504 because of my Aspergers Syndrome_
_to have an accomodation for effective Communication_

**INFORMATION ABOUT MY FINANCES (check all that apply to you and fill in the blanks):**
_ie. Help me with Seeing, Processing, Speaking any info. and to Sit with me in hearing._

**A.    PUBLIC ASSISTANCE**
___ I do not receive public assistance (If you check this blank, go directly to Section B EMPLOYMENT/UNEMPLOYMENT).
___ I currently receive the following public assistance in _Bernalillo_ County (please check all applicable public assistance programs):
      ___ Temporary Assistance for Needy Families (TANF)
      _✓_ Food Stamps
      ___ Medicaid (for myself)
      ___ General Assistance (GA)
      _✓_ Supplemental Security Income (SSI)
      ___ Public Housing
      ___ Disability Security Income (DSI)
      ___ Department of Health Case Management Services (DHMS)
      ___ Other (please describe _____)

**B.    EMPLOYMENT/UNEMPLOYMENT**
___ I am currently unemployed and have been unemployed for _Since 1980_ months in the past year.  I am unemployed because _disabled_.
      ___ I receive unemployment benefits in the amount of $_____ per month.
      ___ I have no income because I am unemployed.

┌─────────────────┐
│    EXHIBIT      │
│       B         │
└─────────────────┘

Eff. 2.9.11

_____   I am employed.  I am paid $ _____ per hour and work _____ hours per week.
My employer's name, address and phone number is:
_____
_____
_____

_____   I am married, and my spouse is unemployed and has been unemployed for _____
months in the past year because _____.
_____ My spouse receives unemployment benefits in the amount of $ _____ per month.

_____   I am married, and my spouse is employed. My spouse is paid $_____per hour and
works _____ hours per week.
My spouse's employer's name, address and phone number is:
_____
_____
_____

**C.   OTHER SOURCES OF INCOME (Check all that apply)**

_____   I have income from another source not mentioned above.
_____ Child Support $_____
_____ Alimony $ _____ __
_____ Investments $ _____
_____ Community property from my spouse       $_____
_____ Other _____       $_____

_____   I do not have any other sources of income.

_____   I am married, and my spouse has income from another source not mentioned above.
_____ Child Support $_____
_____ Alimony $ _____
_____ Investments $ _____
_____ Other _____       $_____
_____ Other _____       $_____

_____   I am married, and my spouse does not have any other sources of income.

_____   Another adult contributes to household income in the following amount: $ _____.

**D.   OTHER ASSETS (Please list other assets owned by you or your spouse that  can be
turned into cash.  Do not include money you have in retirement accounts.)**

Cash on hand                $_____
Bank accounts               $_____
Income tax refund           $_____
Other assets (describe below):

Eff. 2.9.11

_____     $ _____
_____     $ _____

IF YOU DO NOT HAVE ACCESS TO YOUR OWN OR YOUR SPOUSE'S INCOME OR
ASSETS, EXPLAIN WHY. _____ NA _____
_____
_____

## E.   MONTHLY EXPENSES

| | |
|---|---|
| House Payment/Rent | $ |
| Utilities | $ 300 |
| Telephone | $ 89 |
| Groceries (after food stamps) | $ |
| Car Payment(s) | $ 0 |
| Gasoline | $ 150 |
| Insurance | $ 180/6 mo car & $500 yr hm ins |
| Child Care | $ NO |
| Student and Consumer Loans | $ NO |
| Court-ordered family support obligations | $ NO |
| Other court-ordered payments | $ NO |
| Medical expenses | $ about $150/mo. |
| Other _____ | $ _____ |

## F.   HOUSEHOLD

I live at _____ 1306 Lead Ave SW ABQ NM 87102 _____ and the
head of the household is _____ Sally FOX _____.

Other than myself, the other members of the household are:

| Name | Age | Employment | I Support |
|---|---|---|---|
| No one | | NA | ( ) |
| _____ | ___ | _____ | ( ) |
| _____ | ___ | _____ | ( ) |
| _____ | ___ | _____ | ( ) |
| _____ | ___ | _____ | ( ) |

Eff. 2.9.11

*This statement is made under oath. I hereby state that the above information regarding my financial condition is correct to the best of my knowledge. I hereby authorize the Court to obtain information from financial institutions, employers, relatives, the federal internal revenue service and other state agencies. If at any time the Court discovers that information in this application for free process was false, misleading, inaccurate, or incomplete at the time the application was submitted, the Court may require me to pay for any costs or fees that were waived under an order of free process that was granted based on the information in this application.*

Sally J. Fox           Sally J. Fox

*(Signature)*

Sally J. Fox

*(Print Name)*

_____ Petitioner      _____ Respondent

_____ (Pro Se)        _____ ( Pro Se)

1306 Lead Ave SW
*(Street Address)*

ABQ NM 87102
*(City, State, Zip Code)*

(505) 843-8734
*(Telephone)*

State of New Mexico        )
                           ) ss
County of Bernalillo       )

Signed and sworn to (or affirmed) before me on  May 1, 2013  *(date)*
by Sally J. Fox *(name of applicant).*

**OFFICIAL SEAL**
**Shelly Swope**
NOTARY PUBLIC
STATE OF NEW MEXICO
My Commission Expires: 11-21-15

Notary
My commission expires: 11-21-15

Eff. 2.9.11

FILED
SECOND JUDICIAL DISTRICT

2013 MAY -6 PM 6: 16

*Greg T. (signature)*

SHELLY SWOPE

**STATE OF NEW MEXICO**
**COUNTY OF BERNALILLO**
**SECOND JUDICIAL DISTRICT COURT**

*Sally Fox*
_____
Petitioner,

v. *State of NM Aging + Long Term Services and The Human Rights*
_____   No. **CV** 2013 0 3 9 3 9
*and N.M Human Services department*   *Commission*
Respondent.

**ORDER ON APPLICATION FOR FREE PROCESS**

THIS MATTER having come before the court on Petitioner's application for free process and

affidavit of indigency, and the court being otherwise advised in the premises,

**FINDS** that:

[ ] the applicant receives public assistance and is, therefore, entitled to free process.

[ ] the applicant's annual gross income does not exceed _____ percent of the federal

poverty guidelines, and the applicant is, therefore, entitled to free process.

[ ] the applicant's annual gross income exceeds _____ percent of the federal poverty

guidelines, but the applicant is not reasonably able to pay fees or costs and is, therefore, entitled

to free process.

[ ] on the basis of the applicant's available funds or annual gross income, the applicant

is not entitled to free process.

**THE COURT ORDERS** that:

[ ] the filing fee is waived.

[ ] the filing fee is waived except for the $ _____ alternative dispute resolution (ADR)

fee.

[ ] the applicant is granted free service of process by the Sheriff in Bernalillo County,

Eff. 2.9.11

New Mexico for 1 2 3 4 5 or _____ summons(es), provided that the applicant first attempts service by certified mail pursuant to Rule 1-004 NMRA.

[  ]   the applicant is granted free service by the Sheriff in Bernalillo County, New Mexico, of a temporary restraining order or _____

[  ]   the applicant is to pay the filing fee on _____, 20_____.

[  ]   interpretation services shall be provided to the applicant.

[  ]   free process is denied.

[  ]   Other: _____

**Unless specifically granted above, this order of free process does not include the following costs:** jury fees, certification fees, subpoena fees for witnesses, witness fees for hearings or trials, mailings, long distance charges, transcripts for appeals or record proper, duplication fees for audiotapes or compact discs, copy charges, publication fees, or facsimile services. Application for all other costs are to be made to the judge assigned to your case. If the applicant prevails in this law suit and collects money by judgment or settlement, the court may order reimbursement for any waived costs. If the applicant is represented by an attorney who is paid an attorney fee, any fees or costs waived by this order must be deducted from any such attorney fee and paid to the court clerk.

*This order is subject to revision, modification or rescission by the judge assigned to your case.*

_____

JUDGE – Second Judicial District Court

5/6/13

VALERIE A. MACKIE HULING

SECOND JUDICIAL DISTRICT COURT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO

FILED
SECOND JUDICIAL DISTRICT

2013 MAY -6 PM 6: 27

SHELLY SWOPE

CV- ~~RBB#6666550028841~~

**CV** 2013 0 3 9 3 9

Plaintiff, Sally FOX
I am a resident of Bernalillo county
and court has jurisdiction

VS.

Defendant. State of N.M. Aging and long Term
Services Department & Human Rights Commission
and N.M. Human Services department.

Notice of Appeal

I am a resident of Bernalillo County and court
has jurisdiction. I was and am being discriminated
against ~~under~~ Title II regulations of the Department of
Justice ADA ~~code~~ by everyone who made and enforced
the rules of my MiVia program of Medicaid, that said I
had to show "Proof and Certification of the Service dog's
training", and that ~~because~~ because I used a service dog
they violated by making MiVia rules that did not allow
the previously allowed "Assistive device Maintenance",
food, grooming, & Vet care, for my service dog and later "the purchase
of a service dog".
The first violation on "Certification" is prohibited under DOJ ADA 28 CFR
Part 35, 136 "F" and the erection of restricting rules that screens out
myself with a service dog from receiving the same services & benefits as others
is prohibited under DOJ ADA 28 CFR 35, 130 ~~~~
~~I want to be repaid by all of the funds I already~~
~~and I sent in that I actually had to pay for~~

rev05/05enh

→ I was also retaliated against by the removal from MiVia
By Scott Pokorney who threatened verbally & then sent a
termination letter from MiVia, ~~~~

(Scott Pokorney retaliated against me by removal from MiVia)
When I said I was going to file with NM Human Rights. This was after he received the ADA Regulations on service dogs and refused to remove the "Certification" requirement he informed me of.

Monetary relief for pain & suffering, I would like $250,000.

For relief I would like the State of New Mexico Medicaid program and MiVia program to remove any requirement for "Certification of a Service dog's training," + removal of any rules not allowing payment for an Assistance or Service dog purchase or its maintenance. I want to see myself and anyone with a service animal or need for one, who is on Medicaid, to be eligible to get that if it is medically necessary and either my choice or that person's choice, I would also like to be repaid for all my Service dog expenses that were previously allowed on my MiVia.

And I would like anyone who erected or enforced this discrimination to have penalty as determined by the court.

Signature: _Sally J. Fox_

Printed Name _Sally J. Fox_
Street Address _1306 Lead Ave SW_
City, State & Zip _ABQ   N.M. 87102_
Phone Number _505-843-8734_

I certify that I have mailed a copy of this pleading to opposing party/counsel this _6_ day of _May_, 20_13_

_Sally J. Fox_
Signature



**SUSANA MARTINEZ**
**GOVERNOR**

**CELINA BUSSEY**
**SECRETARY**

**JOHN A SANCHEZ**
**LT GOVERNOR**

**Labor Relations Division**
**Human Rights Bureau**
**1596 Pacheco St. Ste 103**
**Santa Fe, New Mexico 87505**
Phone: (505) 827-6838    Fax: (505) 827-6878

February 7, 2013

<u>**CERTIFIED MAIL RETURN RECEIPT REQUESTED**</u>

Sally Fox
1306 Lead Ave. SW
Albuquerque, New Mexico 87102

RE:  Sally Fox vs. New Mexico Aging & Long Term Services Dept.
     HRD #09-05-01-0284

Dear Ms. Fox:

Enclosed herewith please find a copy of the Order of the Commission
in the above-entitled case.

In section 28-1-13 A of the New Mexico Human Rights Act it states
that any person aggrieved by an order of the commission may obtain
a trial de novo in the district court of the county where the
discriminatory practice occurred or where the respondent does
business by filing a notice of appeal within ninety days from the
day of service of the commission's order.  A copy of the notice
shall be served personally or by certified mail, return receipt
requested, at their last known address on all parties who appeared
before the commission and shall also be served at the division
office in Santa Fe.  No order of the commission shall be superseded
or stayed during the appeal unless the district court so directs
after notice to the division and a hearing.

Sincerely,

Jason Dean
Division Director

JD/plv

BEFORE THE HUMAN RIGHTS COMMISSION
OF THE STATE OF NEW MEXICO

SALLY FOX,
     Complainant,

v.                                       HRD No. 09-05-01-0284

STATE OF NEW MEXICO,
AGING & LONG TERM SERVICES
DEPARTMENT,
     Respondent.

---

### ORDER TO DISMISS

**THIS MATTER** came before a review panel of the New Mexico Human Rights Commission (the "**Commission**") consisting of Presiding Commissioner Chris Pacheco, Commissioner Carl Allen and Commissioner Christopher Elmore on February 6, 2013 in Mesilla, New Mexico for a ruling upon Respondent's motion to dismiss (the "**Motion**"). The Motion, filed on July 19, 2010, was filed prior to the hearing in this matter and reiterated in written closing argument following the hearing. In a prior ruling on the Motion, the Commission declined to rule on the jurisdictional challenges therein until a full hearing could be conducted. Both parties were on notice that the Motion was pending before the Commission and had a full opportunity to address the Motion at hearing.

The hearing was conducted on November 29 and 30, 2010 at the Commission on the Status of Women, 300 San Mateo Blvd. NE, Suite 101, Albuquerque, NM, before Hearing Officer Lois Dogliani; continued on February 21, 2011 at the New Mexico Department of Workforce Solutions Tiwa Building, 401 Broadway NE, Albuquerque, NM, before Commissioner Amy Garcia as Hearing Officer; continued on November 28, 29 and 30, 2011 at the Cherry Hills Library, 6901 Barstow NE, Albuquerque, NM, before Commissioner Henry C. Gonzalez as Hearing Officer; and continued on February 16, 2012 at the New Mexico Gaming

Control Board, 4900 Alameda Blvd. NE, Albuquerque, NM, again before Commissioner Henry C. Gonzalez as Hearing Officer. Complainant appeared *pro se* with the assistance of Gerry Manning and Peter Shams-Avari, who served in the role of providing effective communication accommodation. Respondent appeared through its representative, Scott Pokorny, Manager of the Mi Via Brain Injury Program ("**Mi Via**"), and was represented by Jane Yee, Assistant General Counsel for the New Mexico Aging & Long-Term Services Department.

The Commission, being sufficiently advised, finds as follows:

Respondent's Motion and written closing argument sought dismissal on two "jurisdictional" grounds, both related to the Commission Complaint (the "**Complaint**") issued in these proceedings. First, that Complainant had failed to establish employment discrimination pursuant to Section 28-1-7(A) of the Human Rights Act (the "**Act**"), the sole basis for relief set forth in the Complaint. And second, that Complainant did not establish an alternate basis for unlawful discrimination against Respondent as a "public accommodation" under Section 28-1-7(F), a basis that was not set forth in the Complaint.

Under the Act, after efforts to conciliate have failed, the Commission "shall issue a written complaint in its own name against the respondent . . . ." NMSA 1978, § 28-1-10(F). The complaint shall, inter alia, "set forth the alleged discriminatory practice[s]" from among the bases for discrimination enumerated in Section 28-1-7. At hearing, it is the allegations contained in the complaint that must be answered by the respondent. Section 28-1-10(F). In advance of hearing, the respondent also is afforded the opportunity to file a written answer to the complaint. Rule 9.1.1.12(A)(2) NMAC.

In these proceedings, the sole basis for discrimination set forth in the Commission Complaint was employment discrimination under Section 28-1-7(A) on the "basis of a serious medical condition." It is undisputed that Respondent never served as an employer to

2

Complainant and that no employment relationship existed between the parties as contemplated under the Act. See NMSA 1978, § 28-1-2; Rule 9.1.1.7 NMAC (defining relevant terms). It is also undisputed that Complainant suffered from physical and medical maladies that formed the alleged basis of the claimed discrimination. At hearing, Complainant sought to prove that Respondent, as a public accommodation, engaged in unlawful discrimination under Section 28-1-7(F). Namely, Complainant alleged that Respondent administered the Mi Via state Medicaid program in a discriminatory fashion by failing to fund Complainant's service dog due to Complainant's physical and medical maladies. Respondent participated in the hearing and presented evidence with respect to Complainant's theory under Section 28-1-7(F).

The Commission construes Respondent's Motion to center around whether the failure of the Complaint to highlight Section 28-1-7(F) constitutes a valid basis to dismiss these proceedings and if not, whether Respondent, through its Mi Via program, is a "public accommodation" subject to Section 28-1-7(F).

A.   **Adequacy of the Complaint**

It is well-established in the civil judicial context that the purpose of the complaint is to "give fair notice of the claim asserted." Aetna Casualty & Sur. Co. v. Bendix Control Div., 101 N.M. 235, 239 (Ct. App. 1984). At its base, the "fair notice" concept in pleading the complaint is designed to eliminate prejudice, see Bellet v. Grynberg, 114 N.M. 690, 692 (N.M. 1992), and ensure that disputes are decided on the merits. See Morrison v. Wyrsch, 93 N.M. 556, 559 (1979); Sanchez v. Belen, 98 N.M. 57, 60 (Ct. App. 1982). Likewise, under the Rules of Civil Procedure, which guide proceedings of this Commission, see Rule 9.1.1.2(B) NMAC, "[a]ll pleadings shall be construed as to do substantial justice." Rule 1-008(F) NMRA. Thus, it is the duty of the tribunal to construe pleadings liberally. Belen, 98 N.M at 60.

3

In the administrative context, where the purpose of the underlying statute is remedial, the duty to liberally construe pleadings precludes dismissing a claim for technical defects unless the opposing party suffers prejudice. See Malone v. Swift Fresh Meats Co., 91 N.M. 359, 362-364 (1978). Prejudice may arise in the form of undue surprise or undermining the ability of the opposing party to prepare or present its case. Id. at 362-363. Although Malone addresses New Mexico's workers' compensation laws, the Commission likewise enforces a statutory regimen with a remedial purpose. See NMSA 1978, § 28-1-4(B)(4) (stating that the Human Rights Division may "endeavor to eliminate prejudice and to further good will."). The "protective functions" of such remedial legislation "should not be thwarted by . . . technicalities of pleading." Malone, 91 N.M. at 363. "The major thrust of this type of legislation is to achieve a just decision by the shortest and quickest possible route." Id.

In these proceedings, Respondent has failed to provide any showing of prejudice with respect to the omission of Section 28-1-7(F) from the Complaint. First and foremost, Respondent has made no allegation of or reference to prejudice in its pleadings before this tribunal. The record of these proceedings also does not demonstrate evidence of prejudice against Respondent. Because the Complaint identified a "serious medical condition" as the basis for discrimination, Respondent was not subject to "undue surprise" with respect to the nature of Complainant's theory. Even more telling, the record shows that Respondent had a full opportunity to prepare and present its case with respect to a claim brought under Section 28-1-7(F). Given all of these factors, in addition to the remedial posture of the Act, and the technical nature of the defect in the Complaint, Respondent has not established an adequate basis to dismiss due to the defective Complaint.

**B.**     **"Public Accommodation" Status of the Respondent in this Context**

Respondent also argues that dismissal of a claim brought under Section 28-1-7(F) is appropriate because Respondent, through its Mi Via, program is not a "public accommodation" under the Act.  Under Section 28-1-7(F), it is an unlawful discriminatory practice for:

> [A]ny person in any public accommodation to make a distinction, directly or indirectly, in offering or refusing to offer its services, facilities, accommodations or goods to any person because of race, religion, color, national origin, ancestry, sex, sexual orientation, gender identity, spousal affiliation or physical or mental handicap, provided that the physical or mental handicap is unrelated to a person's ability to acquire or rent and maintain particular real property or housing accommodation [.]

The Act defines a "public accommodation" as "any establishment that provides its services, facilities, accommodations or goods to the public, but does not include a bona fide private club or other place or establishment that is by its nature and use distinctly private." Section 28-1-2(H).   Because the prohibition in Section 28-1-7(F) prohibits unlawful discrimination by "persons" and "persons" is defined to include "the state and all its political subdivisions," Section 28-1-2(A), the "public accommodations" provision applies to state government actors in public accommodations.  See generally Human Rights Comm'n v. Board of Regents, 95 N.M. 576 (1981) (reserving the question of whether the public University of New Mexico, under certain circumstances, would be a public accommodation subject to the Act and noting that "public transportation" is traditionally a public accommodation).

The state of the law in New Mexico with respect to the scope of the applicability of the public accommodation standard under Section 28-1-7(F) is currently in flux.  As Respondent notes in detail in its closing argument, the New Mexico Supreme Court has only addressed the issue in Regents, and it set forth a narrow rule only applicable to the University of New Mexico's "method of administering its academic program." Id. at 576, 578.  In Regents, the Court rejected a broad definition of public accommodation, instead concluding that the legislature only intended to include the type of "traditional" commercial establishments that gave rise to federal civil

rights legislation in the 1960s, such as places of lodging, entertainment, public transportation and eating.  Id. at 577-578.  However, in the 2012 decision Elane Photography v. Willock, the Court of Appeals evinced a willingness to expand the scope of commercial establishments covered under the Act.  2002-NMCA-86, 284 P.3d 428.  In that case, the court seized on the narrow ruling of Regents and relied on the plain language of the Act and out-of-state case law to conclude that a commercial photographer was a "public accommodation" for purposes of the Act.  2002-NMCA-86, ¶¶ 12-18.  The court's analysis focused on commercial establishments, concluding that the Act "was meant to reflect modern commercial life and expand protection from discrimination to include most establishments that typically operate a business in public commerce."  Id. at ¶ 18.  The United States Supreme Court has noted an analogous trend, but again focused on the commercial context.  See Roberts v. United States Jaycees, 468 U.S. 609, 626 (1984) ("[Minnesota's] expansive definition [of public accommodation] reflects a recognition of the changing nature of the American economy").  Elane Photography is currently pending review before the New Mexico Supreme Court.

While both of these cases are instructive, neither definitively addresses the question of whether a state government public benefits agency is subject to the provisions of the Act. Certainly, the Respondent in this case is far afield in character from the "traditional" public accommodations enumerated in Regents and even the broader universe of commercial establishments envisioned in Elane Photography.  As Respondent highlights in its written closing, the "establishment" at issue in these proceedings is a subdivision of the state's Medicaid program, not any form of commercial enterprise.  It does not dispense services to the public at-large, and only certain low-income New Mexicans qualify for the program.  As the Elane Photography court noted, the "hallmark of a place of public accommodation is that the public at large is invited."  Id. at ¶ 16 (quoting Nat'l Org. for Women v. Little League Baseball, Inc., 318

6

A.2d 33, 37 (N.J. Super. Ct. App. Div. 1974). Given that Respondent is not a commercial establishment, nor does Respondent dispense "services, facilities, accommodations or goods" to the public at large, it is not a public accommodation in the "ordinary and usual sense of the word." Regents, 95 N.M. at 578. As such, Respondent is not a public accommodation within the meaning of Section 28-1-7(F).

Because Respondent is not a "public accommodation" as defined in Section 28-1-2(H) of the Act, the Commission may not exercise jurisdiction over Respondent in these proceedings. When it is determined that the Commission's jurisdiction is lacking, dismissal is the mandatory remedy. See Rule 9.1.1.8(G)(2).

**IT IS THEREFORE ORDERED** that the Motion is **GRANTED.**

**IT IS FURTHER ORDERED** that the complaint in the above-captioned matter, Sally Fox v. State of New Mexico, Aging & Long Term Services Department, is hereby **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

> **FOR THE NEW MEXICO HUMAN RIGHTS COMMISSION**

_2/6/13_
DATE

Commissioner Chris Pacheco
Presiding Commissioner

**NOTICE OF RIGHT TO APPEAL:** Pursuant to Section 28-1-13 of the Human Rights Act, a person aggrieved by an order of the Commission may obtain a trial _de novo_ in the district court of the County where the discriminatory practice occurred or where the Respondent does business by filing a notice of appeal within ninety days from the date of service of the Commission's order.

7

FILED IN MY OFFICE
DISTRICT COURT CLERK
5/24/2013 3:15:17 PM
GREGORY T. IRELAND
Gwendolen Lindquist

**SECOND JUDICIAL DISTRICT COURT**
**COUNTY OF BERNALILLO**
**STATE OF NEW MEXICO**


SALLY FOX,

      Plaintiff - Appellant,

v.                                  No. D-202-CV-2013-03939

NM AGING AND LONG TERM
SERVICES DEPARTMENT, HUMAN
RIGHTS COMMISSION, AND NM
HUMAN SERVICES DEPARTMENT,

      Defendants - Appellees.


## <u>MOTION TO DISMISS HUMAN RIGHTS COMMISSION AS A PARTY TO THIS APPEAL AND TO AMEND CASE CAPTION</u>

**COMES NOW**, the New Mexico Human Rights Commission (hereafter,

"Commission"), by and through its counsel, New Mexico Attorney General Gary K. King

and Assistant Attorney General Luis Carrasco, and hereby respectfully requests that this

Court dismiss the Commission as a party to this appeal and to amend the case caption to

reflect the Commission's dismissal. The Commission files this motion pursuant to Rules

1-007 and 1-021 NMRA of the Rules of Civil Procedure for the District Courts.  In

support of its motion, the Commission states as follows:

1. On February 6, 2013, the Commission issued its *Order to Dismiss* in <u>Sally</u>

    <u>Fox v. State of New Mexico, Aging & Long Term Services Department</u>, HRD

    No. 09-05-01-0284, wherein it dismissed with prejudice complaints against

    Defendant-Appellee NM Aging and Long Term Services Department

    (hereafter, "ALTSD") which had alleged that ALTSD discriminated against

Plaintiff-Appellant Sally Fox, contrary to the Human Rights Act, NMSA 1978, Sections 28-1-1 through -15.

2. Section 28-1-13 of the Human Rights Act provides that a "party aggrieved by an order of the [C]ommission may obtain a trial [*de novo*] in the district court of the county where the discriminatory practice occurred or where the respondent does business by filing a notice of appeal within ninety days from the date of service of the [C]ommission's order."

3. Rule 1-076 NMRA governs "*de novo* appeals from the Human Rights Commission" to the district courts and permits any person aggrieved by an order of the Commission, including, as here, the complainant, by filing a notice of appeal in the form of a complaint in the district court.  Rule 1-076(A)-(B)(1) NMRA.

4. On May 6, 2013, Plaintiff-Appellant Sally Fox filed, *pro se*, a *Notice of Appeal* (hereafter, "Appeal") with this Court, presumably under NMSA 1978, Section 28-1-13 and Rule 1-076 NMRA and presumably appealing the Commission's February 6, 2013 *Order to Dismiss*.

5. Plaintiff-Appellant Sally Fox names the Commission as a Defendant in her Appeal.

6. Pursuant to Rule 1-021 NMRA, a party may be dropped from an action by order of the court on motion of any party at any stage of the action and on such terms as are just.

2

7.  In <u>Montoya v. Dept. of Finance and Admin.</u>, 98 N.M. 408, 649 P.2d 476 (Ct. App.), <u>cert. quashed</u>, 98 N.M. 478, 649 P.2d 1391 (1982), the New Mexico Court of Appeals held that the State Personnel Board is not an indispensable party for purposes of judicial review of decisions made in its quasi-judicial capacity.[1]  Like the State Personnel Board, the Commission makes decisions in its quasi-judicial capacity when considering complaints under the Human Rights Act, and is therefore not an indispensable or necessary party for purposes of judicial review of its decisions.  Further, because Plaintiff-Appellant Sally Fox's appeal to this Court will be reviewed *de novo*, the Commission is not an indispensable or necessary adverse party.

8.  Should the Court dismiss the Commission as a party, the case caption for Plaintiff-Appellant Sally Fox's Appeal should be amended to reflect the Commission's dismissal.

9.  Plaintiff-Appellant Sally Fox does not concur in this motion.

10. Raymond W. Mensack, NM Human Services Department General Counsel has expressed to the Commission's counsel his intention to represent Defendants-Appellees ALTSD and NM Human Services Department in this appeal.  Counsel for Defendant-Appellees ALTSD and NM Human Department concurs in this motion.

---

[1] Review of the State Personnel Board's decision was made pursuant to NMSA 1978, Section 39-3-1.1, which, in contrast to NMSA 1978, Section 28-1-13 and Rule 1-076 NMRA, does not expressly contemplate a trial *de novo* in the district court.

3

**WHEREFORE**, the Commission respectfully requests this Court to issue an order dismissing the Commission as a party to this appeal and thereby amending the caption of this matter to reflect the Commission's dismissal.

Respectfully Submitted,

GARY K. KING
New Mexico Attorney General

Luis G. Carrasco
Assistant Attorney General
P.O. Drawer 1508
Santa Fe, New Mexico 87504-1508
Tel. (505) 827-6040
Fax: (505) 827-6478

*Attorney for Defendant - Appellee*
*New Mexico Human Rights*
*Commission*

*Electronically filed*

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing to be served by first class mail and/or electronic mail on this 24th day of May, 2013, to the following:

Raymond W. Mensack, Esq.
General Counsel
NM Human Services Department
2009 South Pacheco St.
Santa Fe, NM  87505-5473
(505) 827-7729
raymond.mensack@state.nm.us

*Attorney for Defendant-Appellees*
*NM Human Services Department*
*and NM Aging and Long-Term*
*Services Department*

Sally J. Fox
1306 Lead Ave. SW
Albuquerque, NM  87102
(505) 843-8734

*Plaintiff-Appellant (pro se)*

Luis G. Carrasco
Assistant Attorney General

5

FILED IN MY OFFICE
DISTRICT COURT CLERK
5/24/2013 3:33:29 PM
GREGORY T. IRELAND

*Dawna Martin*

**SECOND JUDICIAL DISTRICT COURT**
**COUNTY OF BERNALILLO**
**STATE OF NEW MEXICO**


SALLY FOX,
      Plaintiff - Appellant,

v.                                No. D-202-CV-2013-03939

NM AGING AND LONG TERM
SERVICES DEPARTMENT, HUMAN
RIGHTS COMMISSION, AND NM
HUMAN SERVICES DEPARTMENT,
      Defendants - Appellees.


## REQUEST FOR HEARING

1.     **Assigned Judge:** The Honorable Valerie A. Huling

2.     **Type of Case:** Civil

3.     **Jury:** (Unknown)    **Non-jury:** (Unknown)

4.     **Dates of hearings presently set:** None.

5.     **Specific matter to be heard upon this request:** Motion to Dismiss
   Human Rights Commission as a Party to This Appeal and Amend Case
   Caption.

6.     **Estimated total time required:** 30 minutes.

7.     **Attach separate sheet(s) listing name, firm, capacity, address, and
   telephone number of all parties entitled to notice.** (See attached).

8.     As required by LR2-123 NMRA, a notice of hearing in the form set forth
   in LR2-Form H is attached to this request as "Exhibit A."

Respectfully Submitted,

GARY K. KING
New Mexico Attorney General


Luis G. Carrasco
Assistant Attorney General
NM Attorney General's Office
P.O. Drawer 1508
Santa Fe, New Mexico 87504-1508
Tel. (505) 827-6040
Fax: (505) 827-6478

*Attorney for Defendant - Appellee*
*New Mexico Human Rights*
*Commission*

*Electronically filed*

2

## PARTIES ENTITLED TO NOTICE

Raymond W. Mensack, Esq.
General Counsel
NM Human Services Department
2009 South Pacheco St.
Santa Fe, NM  87505-5473
(505) 827-7729
raymond.mensack@state.nm.us

*Attorney for Defendant-Appellees*
*NM Human Services Department*
*and NM Aging and Long-Term*
*Services Department*

Gary K. King, Attorney General
Luis G. Carrasco, Assistant Attorney General
NM Attorney General's Office
P.O. Drawer 1508
Santa Fe, NM  87504-1508
(505) 827-6040 Tel.
(505) 827-6479 Fax
LCarrasco@nmag.gov

*Attorneys for Defendant-Appellee*
*New Mexico Human Rights*
*Commission*

Sally J. Fox
1306 Lead Ave. SW
Albuquerque, NM  87102
(505) 843-8734

*Plaintiff-Appellant (pro se)*

3

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing to be served by first class mail and/or electronic mail on this 24th day of May, 2013, to the following:

Raymond W. Mensack, Esq.
General Counsel
NM Human Services Department
2009 South Pacheco St.
Santa Fe, NM  87505-5473
(505) 827-7729
raymond.mensack@state.nm.us

*Attorney for Defendant-Appellees*
*NM Human Services Department*
*and NM Aging and Long-Term*
*Services Department*

Sally J. Fox
1306 Lead Ave. SW
Albuquerque, NM  87102
(505) 843-8734

*Plaintiff-Appellant (pro se)*

_____
Luis G. Carrasco
Assistant Attorney General

4



**SECOND JUDICIAL DISTRICT COURT**
**COUNTY OF BERNALILLO**
**STATE OF NEW MEXICO**

SALLY FOX,
       Plaintiff - Appellant,

v.                                                        No. D-202-CV-2013-03939

NM AGING AND LONG TERM
SERVICES DEPARTMENT, HUMAN
RIGHTS COMMISSION, AND NM
HUMAN SERVICES DEPARTMENT,
       Defendants - Appellees.

## <u>NOTICE OF HEARING</u>

    A hearing in this case is set before the Honorable Valerie A. Huling, District

Court Judge, as follows:

**Date of Hearing**: _____

**Time of Hearing**: _____

**Length of Hearing**:  30 minutes.

**Place of Hearing**:  Second Judicial District Court – Courtroom 620, 400 Lomas
                Blvd. NW, Albuquerque, NM  87102

**Matter to be heard**:  Motion to Dismiss Human Rights Commission as a Party to This
                Appeal and to Amend Case Caption

                          THE HONORABLE VALERIE A. HULING

                        By _____ yn _____

Notice mailed or delivered on date
of filing to parties listed on attached sheet.

## PARTIES ENTITLED TO NOTICE

Raymond W. Mensack, Esq.
General Counsel
NM Human Services Department
2009 South Pacheco St.
Santa Fe, NM  87505-5473
(505) 827-7729
raymond.mensack@state.nm.us

***Attorney for Defendant-Appellees***
***NM Human Services Department***
***and NM Aging and Long-Term***
***Services Department***

Gary K. King, Attorney General
Luis G. Carrasco, Assistant Attorney General
NM Attorney General's Office
P.O. Drawer 1508
Santa Fe, NM  87504-1508
(505) 827-6040 Tel.
(505) 827-6479 Fax
LCarrasco@nmag.gov

***Attorneys for Defendant-Appellee***
***New Mexico Human Rights***
***Commission***

Sally J. Fox
1306 Lead Ave. SW
Albuquerque, NM  87102
(505) 843-8734

***Plaintiff-Appellant (pro se)***

2