IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SALLY FOX,

    Plaintiff,

vs.                                                         No. CIV 14-549 RB/KBM

NEW MEXICO AGING AND LONG TERM
SERVICES DEPARTMENT, and NEW
MEXICO HUMAN SERVICES DEPARMENT,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

Plaintiff Sally Fox got into a dispute with the Defendant New Mexico Aging and Long Term Services Department. She filed a claim alleging discrimination in New Mexico administrative and state courts. After she amended her complaint to include federal claims, Defendants removed the cause to this Court. Defendants then moved to dismiss the Complaint for failure to state a claim. (Doc. 5.) Plaintiff filed an Amended Complaint. (Doc. 9.) Defendants moved to strike the Amended Complaint. (Doc. 14.) Having reviewed the parties' submissions and arguments, the Court **DENIES** the Motion to Dismiss (Doc. 5) and the Motion to Strike (Doc. 14).

**I.     BACKGROUND**

Plaintiff has a brain injury and has been diagnosed with Asperger's syndrome. (Doc. 9 ¶ 9.) Because of balance difficulties, Plaintiff uses a service dog to help her walk. (*Id.* ¶¶ 15-16.) Without the service dog's assistance, Plaintiff would have to use a motorized wheelchair to remain mobile. (*Id.* ¶ 50.) Service dogs, like any other animal, need feeding, grooming, and veterinary care. (*Id.* ¶ 19.) Plaintiff has difficulty finding the money to support her service dog.

(*Id.*)  In 2008, Plaintiff sought to have Medicaid cover the expense of caring for her service dog. (*Id.* ¶ 29.)   Plaintiff estimates that the costs to care for her dog are within her Medicaid budget and would be less than the costs to purchase and maintain a motorized wheelchair.  (*Id.* ¶ 29.)

Defendant New Mexico Aging and Long Term Services Department ("N.M. Services") denied the request to use Plaintiff's Medicaid budget for her service dog.  (*Id.*)  Plaintiff attempted to persuade N.M. Services to reconsider and threatened a lawsuit. (*Id.* ¶ 32.)  Scott Pokorney, a N.M. Services program manager, responded negatively saying, "Don't you dare threaten me.  I'm in charge of who stays on Mi Via." (*Id.* ¶ 33.)  Pokorney subsequently filed a police report regarding Plaintiff's threatening behavior and terminated her Medicaid benefits. (*Id.* ¶¶ 34-36.)   No criminal charges were filed and Plaintiff was able to get her benefits reinstated at a subsequent administrative hearing.  (*Id.* ¶¶ 38-40.)

On April 29, 2009, Plaintiff filed a charge of discrimination against Defendants N.M. Services and the New Mexico Human Services Department with the New Mexico Human Rights Commission.   (*Id.* ¶ 41.)   The parties had three hearings across four years before the Commission. (HRD No. 09-05-01-0284, Ex. 2, Mot. Dismiss, Doc. 5-2.)  For the majority of the four years of litigation, Plaintiff appeared *pro se*. (Doc. 9 ¶ 42.)  The Commission dismissed the action largely because it had been filed as an employment action. (*Id.*)  The Commission further found that the Defendants did not provide a place of public accommodation under New Mexico law.  (*Id.*)  In May 2013, Plaintiff, still appearing *pro se*, appealed her case to the Second Judicial District, Bernalillo County, State of New Mexico.  (Case No. D-202-CV-2013-03939, Ex. 4, Notice of Removal, Doc, 1-4.)  Finally, in fall 2013, Plaintiff was able to secure counsel. (*Id.*)

On April 16, 2014, the state district court denied Defendants' motion to dismiss, but ordered Plaintiff to amend her complaint. (*Id.*) Plaintiff amended her complaint, and included claims under Section 504 of the Rehabilitation Act of 1974 and under the Americans with Disabilities Act ("ADA"). (Compl., Ex. 2, Notice of Removal, Doc. 1-2.) The Complaint included only legal conclusions and provided no factual allegations. (*Id.*)

Based on federal question, Defendants removed the action to federal court. (Notice of Removal, Doc. 1.) Three days later, Defendants moved to dismiss the complaint for failure to state a claim. (Mot. Dismiss, Doc. 5.) Plaintiff never replied to the Motion to Dismiss. Instead, twenty-two days later, Plaintiff docketed an amended complaint which includes factual allegations. (Am. Compl., Doc. 9.) The First Amended Complaint has three causes of action, an equal protection claim under Section 1983, a discrimination claim under Title II of the American with Disabilities Act ("ADA"), and a retaliation claim under Title II of the ADA. (Doc. 9 at 7-13.)

Defendants moved to strike the Amended Complaint based on Plaintiff's failure to comport with the Federal Rules of Civil Procedure. (Mot. Strike, Doc. 14 at 3-4.) Plaintiff responded in opposition to this Motion after twenty-three days. (Pl.'s Resp., Doc. 18.) Plaintiff's Response should have been filed fourteen days after service of the Motion. D.N.M.LR-Civ. 7.4(a). In the Defendants' subsequent Reply, they asked to strike the Plaintiff's Response as untimely. (Def.'s Reply, Doc. 19.) The Court now considers the motions and the validity of the complaints.

## II. DISCUSSION

Rule 15 of the Federal Rules of Civil Procedure governs amendments to complaints. Under Rule 15, a party may amend its complaint as a matter of course 21 days after service of a

motion under Rule 12(b).  Fed. R. Civ. P. 15(a)(1)(B).  Rule 6 governs the method for computing filing deadlines.  Under Rule 6(d), "[w]hen a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a)."  Fed. R. Civ. P. 6(d).  Defendants filed their 12(b)(6) Motion electronically, in accordance with Rule 5(b)(2)(E).  Under the Rules, Plaintiff had until July 10, 2014, to file an amended complaint as a matter of course.  Thus, Plaintiff's Amended Complaint, filed on July 8, was timely.  The Amended Complaint supersedes the original complaint "and renders the original complaint without legal effect."  *Mink v. Suthers*, 482 F.3d 1244, 1254 (10th Cir. 2007).  Accordingly, Defendants' Motion to Dismiss is denied as moot.  Defendants' Motion to Strike, based purely on timeliness grounds, is denied as well.

The Court will note that it values timeliness and expects parties to abide by the rules of this Court.  Here, the Plaintiff dodged a bullet by virtue of a recently amended Rule 15 and a three-day safe harbor in Rule 6—a rule which the Plaintiff did not cite.  Going forward, the Plaintiff would do well to strictly adhere to the rules of the Court.  Anything less will not be tolerated.

**THEREFORE**,

**IT IS ORDERED** that:

(1) Defendants' Motion to Dismiss (Doc. 5) is **DENIED** as moot; and

(2) Defendants' Motion to Strike (Doc. 14) is **DENIED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**