**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

SALLY FOX,

      Plaintiff,

v.                                       CIV 14-0549 RB/KBM

NEW MEXICO AGING AND LONG TERM
SERVICES DEPARTMENT, et al.,

      Defendants.

## ORDER GRANTING MOTION TO COMPEL

**THIS MATTER** came before the Court for a hearing on June 22, 2016, on Defendants' Motion to Compel (Doc. 77), filed April 27, 2016.  Having reviewed the parties' submissions and the relevant law, and having heard arguments of counsel, the Court stated on the record its rulings and its rationale, and it incorporates such rationale herein.

Given the circumstances and the procedural posture of this case, the Court is not persuaded by Plaintiff's argument that Defendants' Motion to Compel should be denied because of procedural defects. The Court is satisfied that Defendants have made good faith efforts to allow Plaintiff to cure deficiencies in her discovery responses. Indeed, Defendants have granted more than six extensions of time for Plaintiff to supplement discovery responses and have sent at least three letters outlining deficiencies. Yet a number of her discovery requests remain unanswered. Even more critically, Plaintiff has failed to provide complete initial disclosure information, including HIPAA-compliant medical

releases, which she was obligated to provide in December 2014. Although Defendants neglected to attach the discovery requests and responses to their Motion to Compel, thereby technically violating D.N.M.LR-CIV. 37.1, these requests and responses had previously been filed on the docket by Plaintiff at the direction of the Court. *See Docs. 73 & 74.* Under these circumstances, the purpose of the local rules was served, and the Court will not deny Defendants' motion on the basis of any procedural defect.

Having considered the substance of Defendants' motion, the Court agrees that Plaintiff's discovery responses, as outlined by Defendants in their reply to the Motion to Compel, are incomplete and otherwise deficient. The Court will require Plaintiff to provide complete, supplemental responses to Interrogatories 12-14 and 16-20. Additionally, it will require Plaintiff to provide the documents requested in Requests for Production 6, 10, and 14.

Applying the applicable factors under *Ehrenhaus v. Reyhnolds*, 965 F.2d 916 (10th Cir. 1992), the Court finds that Plaintiff's failure to provide certain initial disclosures required by D.N.M.LR-CIV. 26.3(d) together with her incomplete and inadequate discovery responses have caused significant prejudice to Defendants as well as interference with the judicial process. Further, the Court finds that Plaintiff herself, as opposed to her counsel, is culpable for such failures. Nevertheless, the Court will not recommend dismissal at this time, nor will it award attorney's fees. Rather, it will allow Plaintiff a final opportunity to cure her deficient discovery responses and to fulfill her obligations under D.N.M.LR-CIV. 26.3(d).

The Court cautions Plaintiff that it intends to recommend to the presiding judge that this case be dismissed with prejudice for failure to prosecute or, alternatively, that her claim for emotional distress be dismissed with prejudice if she fails, by July 6, 2016, to provide to Defendants the following:  1) the initial disclosure information required by D.N.M.LR-CIV. 26.3(d), including HIPAA-compliant releases and complete healthcare provider information for the five years preceding the date of the occurrence set forth in the Complaint and continuing through the current date ; 2) complete responses to Interrogatories 12-14 and 16-20 and Requests for Production 6, 10, and 14; and 3) verifications of her discovery responses.

Wherefore,

**IT IS HEREBY ORDERED** that Defendants' Motion to Compel (Doc. 77) is **granted** to the extent that Plaintiff is ordered to provide to Defendants, by July 6, 2016, the initial disclosure information required by D.N.M.LR-CIV. 26.3(d), complete and accurate discovery responses to Interrogatories 12-14 and 16-20 and Requests for Production 6, 10, and 14, and verifications of her discovery responses.

**IT IS SO ORDERED.**

_____
UNITED STATES CHIEF MAGISTRATE JUDGE